1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10

11   RICARDO VELASQUEZ,                    )   Case No.: 1:15-cv-01288-JLT
                                          )
12              Petitioner,                )   ORDER GRANTING PETITIONER'S MOTION TO
                                          )   LIFT STAY (Doc. 13)
13        v.                              )
                                          )
14   STU SHERMAN, Warden,                 )   ORDER REQUIRING RESPONDENT TO FILE A
                                          )   RESPONSE
15              Respondents.               )
                                          )   ORDER SETTING BRIEFING SCHEDULE
16                                        )
                                          )   ORDER DIRECTING CLERK OF COURT TO
17                                        )   SERVE DOCUMENTS ON ATTORNEY
                                          )   GENERAL
18   _____ )

19

20          The petition filed in this case raises seven claims for relief.  (Doc. 2). The Court stayed the

21   action, at the petitioner's request, to allow him to exhaust the six unexhausted claims.  (Doc. 3).  On

22   March 2, 2016, Petitioner's counsel filed a motion to lift the stay because all issues had finally been

23   exhausted in state court.  (Doc. 13).  Because the unexhausted issues in the petition are now exhausted,

24   the Court will life the stay and order Respondent to file a response.

25          The Court has conducted a preliminary review of the Petition.  It is not clear from the face of

26   the Petition whether Petitioner is entitled to relief.  28 U.S.C. § 2243.  Accordingly, pursuant to Rule 4

27   of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1] the

28   _____

[1]The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus ... to the extent that the practice in those

Court **ORDERS**:

1.     Respondent SHALL file a response to the Petition[1] **within 60 days** of the date of service of this order.  See Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985)(court has discretion to fix time for filing a response).  A Response can be made by filing one of the following:

    A.  An answer addressing the merits of the Petition.  Respondent SHALL include with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the petition.  See Rule 5, Rules Governing Section 2254 Cases.  Any argument by Respondent that Petitioner has *procedurally defaulted* a claim SHALL be made in the answer, but must also address the merits of the claim asserted.

    B.  A motion to dismiss the petition.  A motion to dismiss SHALL include copies of all Petitioner's state court filings and dispositive rulings.  See Rule 5, Rules Governing Section 2254 Cases.[2]

2.     If Respondent files an **answer** to the petition, Petitioner may file a traverse **within 30 days** of the date Respondent's answer is filed with the Court.  If no traverse is filed, the petition and answer are deemed submitted at the expiration of the thirty days.

3.     If Respondent files a motion to dismiss, Petitioner SHALL file an opposition or Statement of non-opposition **within 21 days** of the date Respondent's motion is filed with the Court.  If no opposition is filed, the motion to dismiss is deemed submitted at the expiration of the thirty days.  Any reply to an opposition to the motion to dismiss

---

[1] proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions."  Fed.R.Civ.P. 81(a)(4).  Rule 12 also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  Rule 12, Rules Governing Section 2254 Cases.

[2] Rule 4 of the Rules Governing Section 2254 Cases provides that upon the Court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file an answer or other pleading…or to take other action the judge may order."  Rule 4, Rules Governing 2254 Cases (emphasis added); see also Advisory Committee Notes to Rules 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989)(providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding).

1    SHALL be filed **within 7 days** after the opposition is served.

2    4.    Unless already submitted, both Respondent and Petitioner SHALL complete and return

3    to the Court **within 30 days** a consent/decline form indicating whether the party

4    consents or declines to consent to the jurisdiction of the United States Magistrate Judge

5    pursuant to Title 28 U.S.C. § 636(c)(1).

6    5.    The Clerk of the Court is DIRECTED to serve a copy of this order on the Attorney

7    General or her representative.

8    All motions shall be submitted on the record and briefs filed without oral argument unless

9    otherwise ordered by the Court.  Local Rule 230(l).  Extensions of time will only be granted upon a

10    showing of good cause.  All provisions of Local Rule 110 are applicable to this order.

11

12    IT IS SO ORDERED.

13    Dated:   __**August 2, 2016**__                    _____**/s/ Jennifer L. Thurston**

14                                                   UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3