UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO VELASQUEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STU SHERMAN,<br><br>　　　　　Respondent. | Case No.: 1:15-cv-01288-AWI-JLT (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION FOR PROTECTIVE ORDER<br><br>(Doc. 64) |

　　　　According to *Bittaker v. Woodford* (9th Cir. 2003) 331 F.3d 715, 720-726 and Rule 6 of the Rules Governing Section 2254 Cases, Respondent is entitled to a copy of trial court's file to the extent necessary to fairly defend against Petitioner's claim. Consistent with *Bittaker*, the Court issues the following protective order, and good cause appearing, the Court **ORDERS**:

　　　　For purposes of this habeas action, trial counsel's files, including the files of any investigators or experts retained by trial counsel, shall be deemed to be confidential. These documents and materials (hereinafter "confidential materials") may be used only by representatives from the Office of the California Attorney General who are assigned to this matter as counsel in the role of a direct supervisor (hereafter, collectively respondent), and any expert retained by respondent in this habeas proceeding. If respondent provides the confidential materials to an expert as authorized above, respondent shall inform the expert of this protective order and the expert's obligation under it.

Disclosure of the contents of the documents and the documents themselves may not be made to any other persons or agencies, including any other law enforcement or prosecutorial personnel or agencies, without an order from this Court. The terms of this order do not prohibit respondent from disclosing or discussing the confidential materials with petitioner's trial counsel or disclosing and discussing with witnesses their own statements or observations that were recorded or summarized in any reports contained in trial counsel's files.

In the event of a retrial of all or any portion of petitioner's criminal case, any representative of respondent who participated in these habeas proceedings or who was given access to the confidential materials, shall be prohibited from participating in the retrial of all or any portion of petitioner's criminal case. This order does constitute a waiver of the confidentiality of the information beyond this action and does not authorize the information to be used in a future retrial if one is ordered.

This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of petitioner's criminal case, except that either party maintains the right to request modification or vacation of this order upon entry of final judgment in this matter.

IT IS SO ORDERED.

Dated:   **November 22, 2021**              _ **/s/ Jennifer L. Thurston**
                                         CHIEF UNITED STATES MAGISTRATE JUDGE