UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO VELASQUEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STU SHERMAN,<br><br>　　　　　Respondent. | Case No.: 1:15-cv-01288-AWI-JLT (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR DISCOVERY<br><br>(Doc. 67) |

　　　The petitioner moves the Court for an order granting discovery so he can serve a subpoena duces tecum on the Tulare Police Department to obtain:

　　　1.　　18 fingerprint cards taken from the interior and exterior of a Jeep Grand Cherokee on or about October 5, 2009, for inspection and examination by defense counsel and a defense-retained expert;

　　　2.　　The evidence log entry documenting receipt of the 18 fingerprint cards taken from the interior and exterior of a Jeep Grand Cherokee on or about October 5, 2009;

　　　3.　　The evidence log entry documenting chain of custody of the 18 fingerprint cards taken from the interior and exterior of a Jeep Grand Cherokee on or about October 5, 2009; and

　　　4.　　The chain of custody for the 18 fingerprint cards taken from the interior and exterior of a Jeep Grand Cherokee on or about October 5, 2009.

(Doc. 67 at 3) The petitioner argues that good cause exists for the discovery. Id. at 3-4. Respondent does not dispute that good cause exists for this discovery (Doc. 73) based upon tge

1

order of the Ninth Circuit Court of Appeals (Doc. 53), and the Court agrees (*Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). Consequently, the Court **ORDERS**:

    1.    The petitioner's motion to conduct discovery to issue a subpoena to the Tulare Police Department to obtain the items listed above is **GRANTED**[1].

IT IS SO ORDERED.

    Dated:   **November 29, 2021**                  **/s/ Jennifer L. Thurston**
                                                      CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] Of course, if the Tulare Police Department files an objection to the production (though the Court does not expect this to occur), the petitioner may file a motion to compel it, if appropriate.

2