1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

| | |
|---|---|
| RICARDO VELASQUEZ,<br><br>     Petitioner,<br><br>  v.<br><br>STU SHERMAN,<br><br>     Respondent. | No. 1:15-cv-01288-AWI-BAK (SAB) (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR DISCOVERY AND VACATING SEPTEMBER 7, 2022 MOTION HEARING<br><br>(ECF No. 81) |

17
18      Petitioner, represented by counsel, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

19
20
21
22
23
24
25      Petitioner moves the Court for an order authorizing: (1) a subpoena commanding the attendance of Petitioner's trial counsel, Antonio A. Reyes, to testify at a deposition, which shall be recorded by transcription; and (2) a subpoena duces tecum directing the custodian of record of the Tulare Police Department to produce test results of fingerprint evidence collected by the Tulare Police Department from the Jeep Grand Cherokee on or about October 5, 2009, in Tulare Police Department case number TG0909066. (ECF No. 81.) Respondent does not oppose the motion. (ECF No. 82.)

26
27
28      Discovery is available pursuant to Rule 6 of the Rules Governing Section 2254 Cases at the Court's discretion and upon a showing of good cause. Bracy v. Gramley, 520 U.S. 899, 904 (1997); McDaniel v. U.S. District Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v.

1

1   Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a), Rules Governing Section 2254 Cases.

2   Good cause is shown "where specific allegations before the court show reason to believe that the

3   petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to

4   relief." Bracy, 520 U.S. at 908–09 (citing Harris v. Nelson, 394 U.S. 287 (1969)). If good cause

5   is shown, the extent and scope of discovery is within the court's discretion. See Rule 6(a), Rules

6   Governing Section 2254 Cases. "[A] district court abuse[s] its discretion in not ordering Rule

7   6(a) discovery when discovery [i]s 'essential' for the habeas petitioner to 'develop fully' his

8   underlying claim." Smith v. Mahoney, 611 F.3d 978, 997 (9th Cir. 2010) (alterations in original)

9   (internal quotation marks omitted) (quoting Pham v. Terhune, 400 F.3d 740, 743 (9th Cir.

10  2005)).

11         In the instant case, the Ninth Circuit reversed the denial of habeas relief and remanded for

12  an evidentiary hearing on Petitioner's claims of ineffective assistance of counsel for trial

13  counsel's alleged failure to investigate Fernandez as the shooter and alleged failure to pursue

14  fingerprint evidence. (ECF No. 53.) In light of the Ninth Circuit's remand order, the Court finds

15  that Petitioner has established good cause for his discovery request.

16         Accordingly, the Court HEREBY ORDERS:

17     1.  Petitioner's motion for discovery (ECF No. 81) is GRANTED; and

18     2.  The motion hearing set for September 7, 2022, is VACATED.

19

20  IT IS SO ORDERED.

21  Dated:   **August 22, 2022**   _____

                                   UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

2