# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO VELASQUEZ, | Case No. 1:15-cv-01288-AWI-CDB |
| Petitioner, | ORDER GRANTING STIPULATION AND PROTECTIVE ORDER |
| v. | (ECF No. 89) |
| STU SHERMAN, Warden, | |
| Respondent. | |

On August 21, 2015, Petitioner Ricardo Velasquez filed a habeas corpus action pursuant to 28 U.S.C. § 2241. (ECF No. 2). On November 22, 2021, the Court granted Respondent Stu Sherman's motion for and issued a protective order consistent with *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003). (ECF No. 72). The Court ordered that Respondent is entitled to a copy of Petitioner's trial counsel's files, that for purposes of the habeas corpus action, trial counsel's files shall be deemed to be confidential, and that the Court's order does not constitute a waiver of the confidentiality of the information beyond this action and does not authorize the information to be used in a future retrial if one is ordered. *Id*. at 1-2.

On August 22, 2022, the Court granted Petitioner's motion for discovery and authorized a "subpoena commanding the attendance of Petitioner's trial counsel, Antonio A. Reyes, to testify at a deposition." (ECF No. 83).

On October 24, 2022, the parties filed a Stipulation and Proposed Order for Protective

1

Order regarding Petitioner's trial counsel's deposition. (ECF No. 89). Based on the parties' representations and pursuant to *Bittaker*, the Court finds that good cause exists to grant the parties' stipulated request.

Accordingly, IT IS HEREEBY ORDERED that:

For the purposes of this habeas corpus action, Petitioner's trial counsel's testimony that divulges attorney client communications and work product shall be deemed to be confidential. This testimony or material (hereinafter "confidential materials") may be used only by representatives from the Office of the California Attorney General who are assigned to this matter as counsel for Respondent, and any expert retained by Respondent in this habeas proceeding. If Respondent discloses confidential material to an expert as authorized above, Respondent shall inform the expert of this protective order and the expert's obligation under it.

Disclosure of the contents of the confidential materials or the confidential materials themselves may not be made to any other persons or agencies, including any other law enforcement or prosecutorial personnel or agencies, without an order from this Court. The terms of this order do not prohibit Respondent from disclosing or discussing the confidential materials with Petitioner's trial counsel or disclosing and discussing with witnesses their own statements or observations that were recorded or summarized by trial counsel's testimony or in work product.

In the event of a retrial of all or any portion of Petitioner's criminal case, any representative of Respondent who participated in these habeas corpus proceedings or who was given access to the confidential materials, shall be prohibited from participating in the retrial of all or any portion of Petitioner's criminal case. This order does not constitute a waiver of the confidentiality of the confidential materials beyond this action and does not authorize the information to be used in a future retrial if one is ordered.

// /

// /

This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case, except that either party maintains the right to request modification or vacation of this order upon entry of final judgment in this matter.

IT IS SO ORDERED.

Dated: **October 25, 2022**

UNITED STATES MAGISTRATE JUDGE