UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO VELASQUEZ,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>STU SHERMAN.<br><br>　　　　　Respondent. | Case No. 1:15-cv-01288-KES-CDB<br><br>ORDER REQUIRING ALEJANDRO SERRANO TO SHOW CAUSE FOR HIS FAILURE TO APPEAR FOR EVIDENTIARY HEARING AND ORDERING ALEJANDRO SERRANO TO APPEAR ON DECEMBER 19, 2024, TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH SUBPOENA TO APPEAR<br><br>(Doc. 109) |

**Background**

On April 12, 2024, the Court scheduled an evidentiary hearing in this matter for October 4, 2024, at 10:30 AM in Bakersfield before Magistrate Judge Christopher D. Baker. (Doc. 102). In advance of the evidentiary hearing, on August 23, 2024, Petitioner Ricardo Velasquez served a subpoena upon Alejandro Serrano commanding him to appear and give testimony. *See* Exhibit 1, attached hereto.

The Court convened for evidentiary hearing on October 4, 2024, at 10:30 AM, and Mr. Serrano failed to appear. Following the hearing, counsel for Petitioner requested that the Court issue an arrest warrant for Mr. Serrano in light of his failure to appear. *Id.* The Court took the matter under submission and directed counsel for Petitioner to undertake further reasonable

efforts to coordinate the appearance of Mr. Serrano. *Id.* On October 25, 2024, Petitioner filed a report detailing his unsuccessful efforts following the evidentiary hearing to communicate with Mr. Serrano. (Doc. 112). Thereafter, at the Court's request, the parties filed a joint report identifying their dates of availability to reconvene for continued evidentiary hearing.

**Discussion**

**A.   The Subpoena and Service of the Subpoena on Mr. Serrano**

Where a person to be examined is not a party to the action, the witness's attendance may be compelled by issuing a subpoena under Rule 45. Rule 45 of the Federal Rules of Civil Procedure sets out the requirements for a subpoena. Fed. R. Civ. P. 45 (a)(1)(A).

Rule 45 requires that every subpoena must state the court from which it issued, state the title of the action and its civil-action number, specify to each person to whom it is directed the time and place set for the hearing, and set out the text of Rule 45(d) and (e). Fed. R. Civ. P. 45(a)(1)(A)(i)-(iv).

Review of the subpoena issued here shows that it complied with the requirements of Rule 45. The subpoena states that it is issued from the United States District Court for the Eastern District of California and contains the case name and number. The text of Rule 45(d) and (e) is included. The subpoena commands Juan Serrano to appear on October 4, 2024, at 10:30 a.m. at the U.S. District Courthouse at 510 19th Street, Bakersfield. *See* Exhibit 1.

Rule 45 requires "delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). In this instance, the Petitioner is a party to this action and is represented by counsel. The proof of service signed by counsel's agent (investigator Victor D. Gonzalez) reflects that Mr. Serrano was served with a copy of the subpoena in person on August 23, 2024. *Id.* The Court finds that the requirements of Rule 45 have been substantially complied with in this instance.

**B.   Contempt Proceedings for Non-Compliance with a Valid Subpoena**

The only authority in the Federal Rules of Civil Procedure to sanction a nonparty to an action for failure to comply with a subpoena is Rule 45(g). Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 (9th Cir. 1983). A properly issued subpoena is itself a court order and a party's noncompliance may warrant contempt sanctions. Id. at 494 n.5; U.S. S.E.C. v. Hyatt,

621 F.3d 687, 693 (7th Cir. 2010). Rule 45(g) provides that the court "may hold in contempt a person, who having been served, fails without adequate excuse to obey the subpoena or an order related to it." Where a party is seeking to have a contempt sanction imposed against a nonparty, the nonparty has the right to a meaningful opportunity to be heard. Hyatt, 621 F.3d at 697-97; Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1342 (8th Cir. 1975).

Determining whether a contempt proceeding is civil or criminal is determined by examining the character of the relief granted. Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4, 721 F.3d 1122, 1129 (9th Cir. 2013). Where the purpose of the proceeding is to compel compliance with a court order, the action is proceeding for civil contempt. In re D.I. Operating Co., 240 F. Supp. 672, 675 (D. Nev. 1965). "[A] court may impose civil contempt sanctions to (1) compel or coerce obedience to a court order, and/or (2) compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance." Ahearn, 721 F.3d at 1131. There is no requirement that the contempt be willful and there is no good faith exception to the requirement that court orders must be obeyed. In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993)

"The party moving for contempt has the burden to establish by clear and convincing evidence that the contemnor has violated a clear and specific court order." Forsythe v. Brown, 281 F.R.D. 577, 587 (D. Nev. 2012) report and recommendation adopted, No. 3:10-CV-00716-RCJ, 2012 WL 1833393 (D. Nev. May 18, 2012). "Once the moving party shows by clear and convincing evidence that the contemnor has violated a clear and specific court order, the burden shifts to the contemnor to show that he or she took every reasonable step to comply and to explain why compliance was not possible." Forsythe, 281 F.R.D. at 587.

Petitioner has established that Mr. Serrano violated a specific and definite order of the Court by failing to appear for the evidentiary hearing in response to the subpoena. Accordingly, the Court shall issue an order to show cause requiring Mr. Serrano to appear for further proceedings.

///

///

**Conclusion and Order**

Should Mr. Serrano fail to appear for the hearing on this order to show cause, an arrest warrant will issue to be executed immediately by the United States Marshal. Upon arrest, Mr. Serrano will be brought before the Court so that the evidentiary hearing can proceed. Failure to appear will also result in imposition of a monetary sanction for attorney fees incurred by Petitioner associated with delay attendant to arrest, as well as all reasonable attorney fees incurred by him in obtaining any finding of contempt.

Accordingly, construing Petitioner's request that arrest warrants be issued as an application for an order to show cause, it is HEREBY ORDERED:

1. Petitioner's application for an order to show cause is GRANTED;
2. Mr. Serrano is ORDERED to appear before the undersigned on **December 19, 2024, at 11:00 a.m., United States District Court, 510 19th Street, Bakersfield, California, 93301,** to SHOW CAUSE why he should not be held in contempt for his failure to comply with the subpoena and appear for evidentiary hearing; and
3. Petitioner is directed to effect service of this order on Mr. Serrano on or before **November 15, 2024**, and to file proof of service of this order on or before **November 19, 2024**.

IT IS SO ORDERED.

Dated:   **November 4, 2024**

UNITED STATES MAGISTRATE JUDGE

4

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of California ☑

| Ricardo Velasquez | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 15-cv-01288-KES-CDB |
| Stu Sherman | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Alejandro Serrano

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: United Staes Courthouse<br>510 19th Street, Bakersfield, California | Courtroom No.: Magistrate Christopher D. Baker |
|---|---|
| | Date and Time: 10/04/2024 10:30 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/21/2024

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*           *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ricardo Velasquez, who issues or requests this subpoena, are:

Marc Days
1125 T Street, Fresno, CA 93721
marcdays@dayslawfirm.com   (559) 708-4844

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 15-cv-01288-KES-CDB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Alejandro Serrano
on *(date)* 8/23/24.

☒ I served the subpoena by delivering a copy to the named person as follows: Alejandro Serrano, At 2038 N. Divisadero, Visalia CA. At 7:05 PM on *(date)* 9/17/24 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 10/2/24

*Server's signature*

Victor D. Gonzalez, Private Investigator
*Printed name and title*

PO Box 1571, Tulare CA 93275
*Server's address*

Additional information regarding attempted service, etc.: