UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO VELASQUEZ,<br><br>　　　　Petitioner,<br><br>　v.<br><br>STU SHERMAN.<br><br>　　　　Respondent. | Case No. 1:15-cv-01288-KES-CDB<br><br>CERTIFICATION OF FACTS AND FINDINGS AND RECOMMENDATIONS TO HOLD NONPARTY ALEJANDRO SERRANO IN CONTEMPT<br><br>ORDER SETTING SHOW CAUSE HEARING AS TO NONPARTY ALEJANDRO SERRANO'S NONCOMPLIANCE WITH SUBPOENA<br><br><u>Clerk of the Court to Serve Non-party</u><br><br>**<u>Hearing Date:  January 21, 2025, 1:30 PM</u>** |

**Background**

On April 12, 2024, the Court scheduled an evidentiary hearing in this matter for October 4, 2024, at 10:30 AM in Bakersfield before Magistrate Judge Christopher D. Baker. (Doc. 102). In advance of the evidentiary hearing, on September 17, 2024, Petitioner Ricardo Velasquez served a subpoena upon Alejandro Serrano commanding him to appear and give testimony. *See* (Doc. 119, Exhibit 1).

The Court convened for evidentiary hearing on October 4, 2024, at 10:30 AM, and Mr. Serrano failed to appear. (Doc. 109). Following the hearing, counsel for Petitioner requested that the Court issue an arrest warrant for Mr. Serrano in light of his failure to appear. *Id.* The

Court took the matter under submission and directed counsel for Petitioner to undertake further reasonable efforts to coordinate the appearance of Mr. Serrano. *Id.* On October 25, 2024, Petitioner filed a report detailing his unsuccessful efforts following the evidentiary hearing to communicate with Mr. Serrano. (Doc. 112). Thereafter, at the Court's request, the parties filed a joint report identifying their dates of availability to reconvene for continued evidentiary hearing.

On November 4, 2024, the Court issued an order for Mr. Serrano to show cause why he should not be held in contempt for failing to comply with a subpoena to appear before the Court to give testimony. (Doc. 119). The Court ordered Mr. Serrano to appear for the show cause hearing on December 19, 2024, at 11:00 AM, before the undersigned. *Id.* at 4.

On November 13, 2024, Mr. Serrano filed a response to the show cause order in which he offered various explanations for his failure to appear at the evidentiary hearing – including that he did not have sufficient time after receiving the subpoena (more than two weeks prior to the hearing) to make arrangements to appear and because he suffered from certain physical and mental disabilities. (Doc. 120). In his response, Mr. Serrano requested permission to appear at the upcoming show cause hearing via Zoom. Accordingly, on November 27, 2024, the Court issued a further order to show cause for the limited purpose of affording Mr. Serrano the option of appearing at the December 19 hearing either in person or via Zoom. (Doc. 123).

On December 11, 2024, Mr. Serrano contacted the undersigned's courtroom deputy via email and requested Zoom log-in information for the show cause hearing. Mr. Serrano was provided with the Zoom connection details.

The Court convened for the show cause hearing promptly at 11:00 AM on December 19, 2024. (Doc. 130). Counsel for the parties and Petitioner were present via Zoom. Mr. Serrano failed to appear, notwithstanding that the undersigned's courtroom deputy had forwarded to him the Zoom connection details at 10:52 AM as a reminder. After discussion with the parties, at 11:11 AM, as Mr. Serrano had neither connected to the hearing nor communicated with the Court to explain his absence, the Court adjourned.

///

**Discussion**

**A.     The Subpoena and Service of the Subpoena on Mr. Serrano**

Where a person to be examined is not a party to the action, the witness's attendance may be compelled by issuing a subpoena under Rule 45. Rule 45 of the Federal Rules of Civil Procedure sets out the requirements for a subpoena. Fed. R. Civ. P. 45 (a)(1)(A).

Rule 45 requires that every subpoena must state the court from which it issued, state the title of the action and its civil-action number, specify to each person to whom it is directed the time and place set for the hearing, and set out the text of Rule 45(d) and (e). Fed. R. Civ. P. 45(a)(1)(A)(i)-(iv).

Review of the subpoena issued here shows that it complied with the requirements of Rule 45. The subpoena states that it is issued from the United States District Court for the Eastern District of California and contains the case name and number. The text of Rule 45(d) and (e) is included. The subpoena commands Mr. Serrano to appear on October 4, 2024, at 10:30 a.m. at the U.S. District Courthouse at 510 19th Street, Bakersfield. *See* (Doc. 119, Exhibit 1).

Rule 45 requires "delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). In this instance, the Petitioner is a party to this action and is represented by counsel. The proof of service signed by counsel's agent (investigator Victor D. Gonzalez) reflects that Mr. Serrano was served with a copy of the subpoena in person on September 17, 2024. (Doc. 119, Exhibit 1). The Court finds that the requirements of Rule 45 have been substantially complied with in this instance.

**B.     Contempt Proceedings for Non-Compliance with a Valid Subpoena**

The only authority in the Federal Rules of Civil Procedure to sanction a nonparty to an action for failure to comply with a subpoena is Rule 45(g). Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 (9th Cir. 1983). A properly issued subpoena is itself a court order and a party's noncompliance may warrant contempt sanctions. Id. at 494 n.5; U.S. S.E.C. v. Hyatt, 621 F.3d 687, 693 (7th Cir. 2010). Rule 45(g) provides that the court "may hold in contempt a person, who having been served, fails without adequate excuse to obey the subpoena or an order related to it." Where a party is seeking to have a contempt sanction imposed against a nonparty,

1   the nonparty has the right to a meaningful opportunity to be heard. <u>Hyatt</u>, 621 F.3d at 697-97;
2   <u>Fisher v. Marubeni Cotton Corp.</u>, 526 F.2d 1338, 1342 (8th Cir. 1975).

3   Determining whether a contempt proceeding is civil or criminal is determined by
4   examining the character of the relief granted. <u>Ahearn ex rel. N.L.R.B. v. Int'l Longshore &</u>
5   <u>Warehouse Union, Locals 21 & 4</u>, 721 F.3d 1122, 1129 (9th Cir. 2013).  Where the purpose of
6   the proceeding is to compel compliance with a court order, the action is proceeding for civil
7   contempt.  <u>In re D.I. Operating Co.</u>, 240 F. Supp. 672, 675 (D. Nev. 1965).  "[A] court may
8   impose civil contempt sanctions to (1) compel or coerce obedience to a court order, and/or (2)
9   compensate the contemnor's adversary for injuries resulting from the contemnor's
10  noncompliance." <u>Ahearn</u>, 721 F.3d at 1131.  Contempt sanctions tailored to coerce compliance
11  with a court's order may include jailing the noncompliant person until he complies. <u>See</u> <u>S.E.C.</u>
12  <u>v. Elmas Trading Corp.</u>, 824 F.2d 732, 732-33 (9th Cir. 1987).

13  There is no requirement that the contempt be willful and there is no good faith exception
14  to the requirement that court orders must be obeyed.  <u>In re Dual-Deck Video Cassette Recorder</u>
15  <u>Antitrust Litig.</u>, 10 F.3d 693, 695 (9th Cir. 1993).

16  "The party moving for contempt has the burden to establish by clear and convincing
17  evidence that the contemnor has violated a clear and specific court order." <u>Forsythe v. Brown</u>,
18  281 F.R.D. 577, 587 (D. Nev. 2012) report and recommendation adopted, No. 3:10-CV-00716-
19  RCJ, 2012 WL 1833393 (D. Nev. May 18, 2012).  "Once the moving party shows by clear and
20  convincing evidence that the contemnor has violated a clear and specific court order, the burden
21  shifts to the contemnor to show that he or she took every reasonable step to comply and to explain
22  why compliance was not possible." <u>Forsythe</u>, 281 F.R.D. at 587.

23  **C.    The District Court's Province to Conduct Contempt Proceedings**

24  "28 U.S.C. § 636, which governs the jurisdiction and powers of magistrates, requires a
25  magistrate to refer contempt charges to a district court judge." <u>Grimes v. City and Cnty. of San</u>
26  <u>Francisco</u>, 951 F.2d 236, 240 (9th Cir. 1991); <u>see</u> 28 U.S.C. § 636 (e)(6) ("the magistrate judge
27  shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any
28  person whose behavior is brought into question under this paragraph, an order requiring such

person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified"); Mondragon v. R T Farm Labor, Inc., No. 1:22-cv-01259-JLT-BAM, 2024 WL 3949345, at *3 (E.D. Cal. Aug. 27, 2024) ("Essentially, the magistrate judge's role is to determine whether the movant has established a prima facie case of contempt – i.e., whether the movant has shown by clear and convincing evidence that the party or nonparty has violated a court order") (citation and quotation omitted).

As the undersigned previously determined that Mr. Serrano violated a specific and definite order of the Court by failing to appear for the evidentiary hearing in response to Petitioner's subpoena (Doc. 119), the undersigned will certify the below facts to the assigned District Judge to determine why Mr. Serrano should not be adjudged in contempt and imprisoned until he appears to give sworn testimony in this matter as previously ordered.

**Certification of Facts**

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the undersigned certifies the following facts to the district judge assigned to this matter:

1. The subpoena directing Mr. Serrano to appear in Court to give testimony on October 4, 2024 (*see* Doc. 119, Exhibit 1) complied with the applicable procedural requirements of Fed. R. Civ. P. 45;
2. Petitioner's subpoena was properly served on Mr. Serrano, through personal service on him on September 17, 2024 (Doc. 119 at 2);
3. On October 4, 2024, Mr. Serrano failed to appear in Court in compliance with the subpoena;
4. On November 4, 2024, the undersigned issued an order to show cause directing Mr. Serrano to appear at a show cause hearing on December 19, 2024, why contempt sanctions should not issue;
5. On November 13, 2024, Mr. Serrano filed a response in which he represented that he received the Court's show cause order, offered explanations for his failure to appear on October 4 in compliance with the subpoena, and requested to appear at the December 19 show cause hearing via Zoom;

6. On November 27, 2024, the Court issued a further order to show cause for the limited purpose of affording Mr. Serrano the option of appearing at the December 19 hearing either in person or via Zoom. (Doc. 123);

7. On December 11, 2024, Mr. Serrano contacted the undersigned's courtroom deputy via email and requested Zoom log-in information for the show cause hearing. Mr. Serrano was provided with the Zoom connection details; and

8. The Court convened for the show cause hearing promptly at 11:00 AM on December 19, 2024, and Mr. Serrano failed to appear. (Doc. 130)

Based on these facts, the undersigned recommends that nonparty Alejandro Serrano be held in civil contempt. Mr. Serrano has failed to comply with clear and definite court orders—both the subpoena to appear in Court to give testimony on October 4, 2024, and the Court's November 4, 2024, show cause order and order to appear on December 19, 2024. Accordingly, the undersigned will set the matter for contempt proceedings before the assigned district judge and recommend imposition of sanctions.

**Conclusion, Order, and Findings and Recommendations**

Accordingly, it is HEREBY ORDERED:

1. Nonparty Alejandro Serrano shall appear in person before District Judge Kirk E. Sherriff on January 21, 2025, at 1:30 PM in Courtroom 4 (KES), United States District Court, 2500 Tulare Street, Fresno, CA to show cause why he should not be held in contempt for failure to comply with Petitioner's subpoena;

2. Counsel for the parties are directed to appear in person for the show cause hearing unless otherwise excused;

3. The Clerk of the Court is directed to mail this order to Mr. Serrano at:

    Alejandro Serrano

    2038 N. Divisadero Street

    Visalia, CA 93291

And it is FURTHER RECOMMENDED:

1. A contempt citation be issued against Alejandro Serrano;

6

2. A fine of $500 be assessed against Alejandro Serrano;

3. An order issue directing Alejando Serrano to pay to Petitioner reasonable attorney's fees and costs incurred in connection with Petitioner's efforts to obtain Mr. Serrano's appearance to testify; and

4. An arrest warrant issue for Alejandro Serrano and he be ordered detained pending his compliance with the subpoena commanding him to appear and give testimony in this matter.

IT IS SO ORDERED.

Dated: **December 19, 2024**

UNITED STATES MAGISTRATE JUDGE