UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO VELASQUEZ,<br><br>Petitioner,<br><br>v.<br><br>STU SHERMAN,<br><br>Respondent. | No. 1:15-cv-01288-KES-CDB<br><br>ORDER ADOPTING CERTIFICATION OF FACTS AND ADOPTING IN PART FINDINGS AND RECOMMENDATIONS TO HOLD NONPARTY WITNESS ALEJANDRO SERRANO IN CONTEMPT<br><br>Doc. 131 |

The assigned magistrate judge ordered Alejando Serrano ("Serrano") to show cause why he should not be held in contempt for his failure to appear for an evidentiary hearing on October 4, 2024, pursuant to petitioner's subpoena. Doc. 131. The procedural history of this case is set out more fully in the magistrate judge's December 19, 2024, certification of facts and findings and recommendations. *Id.* In summary, on September 17, 2024, petitioner Ricardo Velasquez served Serrano with a subpoena pursuant to Federal Rule of Civil Procedure 45, seeking his testimony in connection with this action. Doc. 119, Ex. 1. Serrano failed to appear at the evidentiary hearing to provide such testimony. Doc. 109. On November 4, 2024, the magistrate judge issued an order for Serrano to show cause and set a hearing on December 19, 2024, as to why Serrano should not be held in contempt for his failure to comply with the subpoena. Doc. 119. On November 13, 2024, Serrano requested permission to appear at the

1

1  December 19, 2024 show cause hearing via Zoom.  Doc. 120.  The magistrate judge granted the
2  request.  Doc. 123.  On December 19, 2024, Serrano failed to appear on the Zoom hearing after
3  being sent the Zoom connection details.  Doc. 130.
4       On December 19, 2024, the magistrate judge issued findings and recommendations
5  certifying the facts constituting a civil contempt, *see* 28 U.S.C. § 636(e)(6), and recommending
6  that Serrano be held in civil contempt and sanctioned.  Doc 131. at 6.  The magistrate judge also
7  recommended that a fine of $500 be assessed against Serrano, that Serrano pay the reasonable
8  attorney's fees and costs incurred in connection with petitioner's efforts to obtain Serrano's
9  appearance to testify, and that an arrest warrant issue for Serrano pending his compliance with the
10 subpoena.  *Id.* at 7.  On December 20, 2024, Serrano filed a notice with the Court, acknowledging
11 receipt of the findings and recommendations and addressing why he did not appear at the
12 December 19, 2024 show cause hearing.  Doc. 132.  Specifically, Serrano stated that he had
13 technical issues logging onto the Zoom meeting and that he did not know who to contact
14 regarding such issues.  *Id.*
15      The magistrate judge set a hearing on January 21, 2025, before the undersigned, to show
16 cause why Serrano should not be held in contempt for failure to comply with petitioner's
17 subpoena.  Doc. 131 at 6.  A hearing was held on January 21, 2025, and Serrano appeared.
18 Serrano apologized for his failure to appear at the October 4, 2024 hearing pursuant to the
19 subpoena, stated that he had attempted unsuccessfully to appear by Zoom for the December 19,
20 2024 show cause hearing, and assured the Court that he would comply with the Court's order to
21 appear at a reset evidentiary hearing.  After discussion with both the parties and Serrano, the
22 Court ordered Serrano to appear for an evidentiary hearing on February 19, 2025, at 11:00 a.m.,
23 before Magistrate Judge Christopher D. Baker at the U.S. Courthouse in Bakersfield, California.
24      The court has conducted a de novo review of this matter under 28 U.S.C. § 636(b)(1).
25 Having carefully reviewed the matter, the court finds the magistrate judge's findings are
26 supported by the record and proper analysis, and adopts the recommendations in part, as set forth
27 in this Order.
28      Specifically, the Court finds by clear and convincing evidence that Serrano had a

reasonable amount of time to comply with the lawfully issued subpoena and unreasonably failed to appear at the evidentiary hearing on October 4, 2024. The Court finds that the recommended contempt sanctions of a $500 fine and petitioner's reasonable attorney's fees and costs are warranted, but finds that they should be held in abeyance and orders that such sanctions be purged **if Serrano appears as ordered at the evidentiary hearing on February 19, 2025, at 11:00 a.m., before Magistrate Judge Christopher D. Baker, at the U.S. Courthouse, 510 19th St., Bakersfield, California**. *See Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) ("[T]he ability to purge is perhaps the most definitive characteristic of coercive civil contempt.") (internal citations omitted).

**The Court further warned Serrano at the hearing on January 21, 2025 that, if he fails to appear at the hearing on February 19, 2025, a bench warrant may issue to bring him before the Court.**

Accordingly, IT IS ORDERED:

1. Alejandro Serrano is found in civil contempt for failing to appear at the evidentiary hearing on October 4, 2024, pursuant to his subpoena;

2. A fine of $500 is assessed against Alejandro Serrano, but the fine is held in abeyance pending the February 19, 2025 hearing;

3. Alejandro Serrano is directed to pay the reasonable attorney's fees and costs incurred in connection with petitioner's efforts to obtain Mr. Serrano's appearance to testify, but the order to pay such fees and costs is held in abeyance pending the February 19, 2025 hearing;

4. If Mr. Serrano appears at the February 19, 2025 evidentiary hearing as ordered, the finding of civil contempt and the above sanctions will be purged;

5. If Mr. Serrano fails to appear at the February 19, 2025 evidentiary hearing as ordered, the above sanctions will take immediate effect; and

///
///
///

6. The Clerk of the Court is directed to mail this order to Mr. Serrano at:

    Alejandro Serrano

    2038 N. Divisadero Street

    Visalia, CA 93291

IT IS SO ORDERED.

Dated:   January 21, 2025

UNITED STATES DISTRICT JUDGE

4