UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO VELASQUEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STU SHERMAN.<br><br>　　　　Respondent. | Case No. 1:15-cv-01288-KES-CDB<br><br>ORDER REQUIRING JUAN BARAJAS TO SHOW CAUSE FOR HIS FAILURE TO APPEAR FOR EVIDENTIARY HEARING AND ORDERING JUAN BARAJAS TO APPEAR ON APRIL 30, 2025, TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH SUBPOENA TO APPEAR<br><br>(Doc. 109, 118) |

**Background**

On April 12, 2024, the Court scheduled an evidentiary hearing in this matter for October 4, 2024, at 10:30 AM in Bakersfield before Magistrate Judge Christopher D. Baker. (Doc. 102). In advance of the evidentiary hearing, on August 23, 2024, Petitioner Ricardo Velasquez served a subpoena upon Juan Barajas commanding him to appear and give testimony.

The Court convened for evidentiary hearing on October 4, 2024, at 10:30 AM, and Mr. Barajas failed to appear. Following the hearing, counsel for Petitioner requested that the Court issue an arrest warrant for Mr. Barajas in light of his failure to appear. *Id.* The Court took the matter under submission and directed counsel for Petitioner to undertake further reasonable

efforts to coordinate the appearance of Mr. Barajas. *Id.* On October 25, 2024, Petitioner filed a report detailing his unsuccessful efforts following the evidentiary hearing to communicate with Mr. Barajas. (Doc. 112). The Court thereafter entered an order to show cause requiring Mr. Barajas to appear for further evidentiary hearing on December 19, 2024. (Doc. 118). Neither counsel for Petitioner nor the U.S. Marshals Service were successful in locating and serving Mr. Barajas with a copy of the show cause order. (Doc. 122, 127).

During a renewed evidentiary hearing on February 19, 2025, counsel for Petitioner requested the Court reissue a show cause order requiring Mr. Barajas to appear for further proceedings. (Doc. 137). Counsel for Respondent did not oppose.

**Discussion**

**A.     The Subpoena and Service of the Subpoena on Mr. Barajas**

Where a person to be examined is not a party to the action, the witness's attendance may be compelled by issuing a subpoena under Rule 45. Rule 45 of the Federal Rules of Civil Procedure sets out the requirements for a subpoena. Fed. R. Civ. P. 45 (a)(1)(A).

Rule 45 requires that every subpoena must state the court from which it issued, state the title of the action and its civil-action number, specify to each person to whom it is directed the time and place set for the hearing, and set out the text of Rule 45(d) and (e). Fed. R. Civ. P. 45(a)(1)(A)(i)-(iv).

Review of the subpoena issued here shows that it complied with the requirements of Rule 45. The subpoena states that it is issued from the United States District Court for the Eastern District of California and contains the case name and number. The text of Rule 45(d) and (e) is included. The subpoena commands Juan Barajas to appear on October 4, 2024, at 10:30 a.m. at the U.S. District Courthouse at 510 19th Street, Bakersfield. *See* Exhibit 1.

Rule 45 requires "delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). In this instance, the Petitioner is a party to this action and is represented by counsel. The proof of service signed by counsel's agent (investigator Victor D. Gonzalez) reflects that Mr. Barajas was served with a copy of the subpoena in person at his presumed residence on August 23, 2024. *Id.* The Court finds that the requirements of Rule 45 have been substantially complied

with in this instance.

### B. Contempt Proceedings for Non-Compliance with a Valid Subpoena

The only authority in the Federal Rules of Civil Procedure to sanction a nonparty to an action for failure to comply with a subpoena is Rule 45(g). Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 (9th Cir. 1983). A properly issued subpoena is itself a court order and a party's noncompliance may warrant contempt sanctions. Id. at 494 n.5; U.S. S.E.C. v. Hyatt, 621 F.3d 687, 693 (7th Cir. 2010). Rule 45(g) provides that the court "may hold in contempt a person, who having been served, fails without adequate excuse to obey the subpoena or an order related to it." Where a party is seeking to have a contempt sanction imposed against a nonparty, the nonparty has the right to a meaningful opportunity to be heard. Hyatt, 621 F.3d at 697-97; Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1342 (8th Cir. 1975).

Determining whether a contempt proceeding is civil or criminal is determined by examining the character of the relief granted. Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4, 721 F.3d 1122, 1129 (9th Cir. 2013). Where the purpose of the proceeding is to compel compliance with a court order, the action is proceeding for civil contempt. In re D.I. Operating Co., 240 F. Supp. 672, 675 (D. Nev. 1965). "[A] court may impose civil contempt sanctions to (1) compel or coerce obedience to a court order, and/or (2) compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance." Ahearn, 721 F.3d at 1131. There is no requirement that the contempt be willful and there is no good faith exception to the requirement that court orders must be obeyed. In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993)

"The party moving for contempt has the burden to establish by clear and convincing evidence that the contemnor has violated a clear and specific court order." Forsythe v. Brown, 281 F.R.D. 577, 587 (D. Nev. 2012) report and recommendation adopted, No. 3:10-CV-00716-RCJ, 2012 WL 1833393 (D. Nev. May 18, 2012). "Once the moving party shows by clear and convincing evidence that the contemnor has violated a clear and specific court order, the

burden shifts to the contemnor to show that he or she took every reasonable step to comply and to explain why compliance was not possible." Forsythe, 281 F.R.D. at 587.

Petitioner has established that Mr. Barajas violated a specific and definite order of the Court by failing to appear for the evidentiary hearing in response to the subpoena. Accordingly, the Court shall issue an order to show cause requiring Mr. Barajas to appear for further proceedings.

**Conclusion and Order**

Should Mr. Barajas fail to appear for the hearing on this order to show cause, an arrest warrant may issue to be executed immediately by the United States Marshal. Upon arrest, Mr. Barajas will be brought before the Court so that the evidentiary hearing can proceed. Failure to appear will also result in imposition of a monetary sanction for attorney fees incurred by Petitioner associated with delay attendant to arrest, as well as all reasonable attorney fees incurred by him in obtaining any finding of contempt.

Accordingly, construing Petitioner's request that arrest warrants be issued as an application for an order to show cause, it is HEREBY ORDERED:

1. Petitioner's application for an order to show cause is GRANTED;
2. Mr. Barajas is ORDERED to appear before the undersigned on **April 30, 2025, at 11:00 a.m., United States District Court, 510 19th Street, Bakersfield, California, 93301,** to SHOW CAUSE why he should not be held in contempt for his failure to comply with the subpoena and appear for evidentiary hearing; and
3. Petitioner is directed to effect service of this order on Mr. Barajas on or before **March 5, 2025**, and to promptly file proof of service of this order or a status report addressing all service efforts by that same deadline.

IT IS SO ORDERED.

Dated:   **February 19, 2025**

UNITED STATES MAGISTRATE JUDGE