UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Ricardo Velasquez,

Petitioner,

v.

Stu Sherman,

Respondent.

No. 1:15-cv-01288-KES-CDB (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Docs. 2, 159

Petitioner Ricardo Velasquez is a state prisoner proceeding through counsel on a petition for writ of habeas corpus. Doc. 2. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

**I. Background**

On August 17, 2011, petitioner was convicted in the Tulare County Superior Court of attempted murder of a peace officer, assault on a peace officer with a semiautomatic firearm, shooting from a motor vehicle, and ten counts of second degree robbery. Doc. 159 at 2; *People v. Velasquez*, No. F063254, 2013 WL 173190, *1 (Cal. Ct. App. Jan 16, 2013).

On August 21, 2015, petitioner filed a petition for writ of habeas corpus alleging that his trial counsel was ineffective in failing to investigate evidence that Adan Fernandez, rather than petitioner, was the actual shooter. *See* Doc. 2 at 9. Petitioner included the declarations of three

friends and relatives of Fernandez who stated that Fernandez had boasted about being the shooter and they would have been willing to testify about this at trial. Docs. 2 at 10; 2-2, Declaration of Angel Astorga at ¶¶ 2–3, 7; 2-2, Declaration of Alex Serrano at ¶¶ 2–3, 7; 2-2, Declaration of Juan Barajas at ¶¶ 2–3, 7.

On November 8, 2017, the district court denied petitioner's habeas petition. Doc. 40. On August 25, 2020, the Ninth Circuit reversed the denial of the petition. *Velasquez v. Ndoh*, 824 F. App'x 498, 501 (9th Cir. 2020). The Ninth Circuit found that "[i]f, as Petitioner alleges, trial counsel decided not to investigate Fernandez's role in the shooting solely because Fernandez was dead [at the time of petitioner's prosecution], that decision was not objectively reasonable. *Id.* at 500. The Court further found:

> Petitioner has also alleged facts that suggest he was prejudiced by trial counsel's failure to investigate Fernandez. Three different declarants stated that Fernandez bragged, on multiple occasions, that he was the shooter and that he got away with it. Each of the declarants further stated that he would have testified at trial if asked to do so. Fernandez's statements likely would have been admitted as statements against interest. *See* Cal. Evid. Code § 1230. Had the jury heard evidence of Fernandez's repeated boasts, there is at least a reasonable probability that the jury would not have found that Petitioner was the shooter, and that the result of the proceeding would have been different.

*Id.* at 500. The Ninth Circuit remanded for an evidentiary hearing to develop the factual record, noting it could not determine on the record before it whether trial counsel "actually failed to investigate Fernandez," and whether "any such failure was actually motivated by the (insufficient) fact that Fernandez was deceased." *Id.* at 500–501.

On remand, the magistrate judge held a multi-day evidentiary hearing with witness testimony from: petitioner; petitioner's trial counsel Antonio Reyes; petitioner's mother; Angel Astorga, Alejandro Serrano, and Juan Barajas (three friends and relatives of Fernandez who testified generally to Fernandez's statements about shooting at a police officer); and an assistant to petitioner's habeas counsel. Doc. 159 at 5. The parties submitted further briefing after the evidentiary hearing. Docs. 156; 157; and 158.

On August 18, 2026, the magistrate judge issued findings and recommendations that recommended granting the petition for writ of habeas corpus and ordering petitioner's release

unless the State elects to retry petitioner. Doc. 159 at 22. The findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. *Id.* at 23. On September 3, 2026, respondent filed objections to the findings and recommendations. Doc. 160. On September 17, 2026, petitioner filed a reply to respondent's objections. Doc. 161.

**II. Discussion**

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set out a two-prong test for evaluating a claim of ineffective assistance of counsel. Under the test, "a petitioner must prove: (1) that his counsel's performance fell below an objective standard of reasonableness (the deficient performance prong); and (2) that there is a reasonable probability of a more favorable outcome if counsel performed effectively (the prejudice prong)." *Rogers v. Dzurenda*, 25 F.4th 1171, 1181 (9th Cir. 2022) (citing *Strickland*, 466 U.S. at 687–88, 694).

The magistrate judge found that trial counsel "was aware that Fernandez allegedly participated in the crime, acknowledges inferences in his trial file that Fernandez in fact was the shooter, and was aware that Fernandez and Petitioner were together for several hours during the evening of the crime." Doc. 159 at 13–14. The magistrate judge found that trial counsel's performance was deficient because, notwithstanding this knowledge, "he conducted *no investigation* into Fernandez's involvement in the crime – including as the shooter[,]" and that petitioner was prejudiced by counsel's deficient performance because, had counsel presented the witnesses at trial, there is a reasonable probability that the outcome at trial would have been different. *Id.* at 15, 19 (emphasis in original).

Respondent's objections do not challenge the findings and recommendations as to the first *Strickland* prong—that trial counsel's performance fell below an objective standard of reasonableness. *See* Doc. 160 at 5. Respondent argues only that the magistrate judge erred in finding prejudice—that there was a reasonable probability of a more favorable outcome if counsel had performed effectively. *See id.* Respondent argues: (1) "Velasquez did not prove how a contemporaneous investigation into Fernandez as the shooter would have located Astorga, Serrano, and Barajas"; (2) "[e]ven if a reasonable investigation should have located the three

witnesses, there is not a reasonable probability that a reasonable attorney would have presented the witnesses at trial"; (3) "[e]ven had the witnesses testified, there was not a reasonabl[e] probability of a better outcome for Velasquez"; and (4) "[e]ven if the jury was likely to find that Fernandez was the shooter, Velasquez has not proven a reasonable probability that the jury would not have convicted him as an aider and abettor." *Id.* at 2–18.

Respondent's second and third arguments—that petitioner was not prejudiced by trial counsel's deficient performance because there is not a reasonable probability that a reasonable attorney would have presented the witnesses at trial or that there would have been a better outcome for petitioner—are foreclosed by the Ninth Circuit's mandate. *See id.* at 9, 13. The rule of mandate doctrine provides that when a case has been decided by the Court of Appeal and remanded to the district court, "whatever was before [the circuit court], and disposed of by its decree is considered as finally settled." *United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) (citation omitted).[1] Here, the Ninth Circuit "evaluate[d] Petitioner's claim de novo" and found that "[h]ad the jury heard evidence of Fernandez's repeated boasts, there is at least a reasonable probability that the jury would not have found that Petitioner was the shooter, and that the result of the proceeding would have been different." *Velasquez*, 824 F. App'x at 500.

While the Ninth Circuit remanded for an evidentiary hearing, it noted that was because it could not conclude on the record before it that trial counsel "actually failed to investigate Fernandez" or the reason for that failure. *Id.* at 500–501. But trial counsel's failure to investigate has now been established, and respondent does not dispute trial counsel's ineffectiveness. After a lengthy evidentiary hearing, the magistrate judge found that trial counsel had reason to investigate Fernandez's involvement in the crime and whether he was the shooter, and that counsel failed to do so. Doc. 159 at 12, 15. And in his objections, respondent does not contest the finding that trial counsel's performance was deficient. *See* Doc. 160. The magistrate judge also found that the three declarants "testified consistently with [their] declarations" that "Fernandez had admitted

---

[1] "According to the rule of mandate, although lower courts are obliged to execute the terms of a mandate, they are free as to 'anything not foreclosed by the mandate.'" *United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000) (quoting *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993)).

to them on multiple occasions that he had been involved in a robbery, was chased by police, and shot at a police officer." Doc. 159 at 9–10. Given that respondent does not dispute trial counsel's deficient performance, respondent's argument that petitioner was not prejudiced by the failure to investigate is inconsistent with the Ninth Circuit's determination that there is a reasonable probability that, had the jury heard such evidence, the jury would not have found petitioner to be the shooter. *See Velasquez*, 824 F. App'x at 500. Thus, respondent's second and third arguments are foreclosed by the Ninth Circuit's mandate.

But even if the Ninth Circuit's decision did not preclude respondent's arguments, they are not meritorious, as addressed below.

First, respondent's argument that petitioner did not prove how trial counsel could have located Astorga, Serrano, and Barajas is inconsistent with the record. At the evidentiary hearing before the magistrate judge, trial counsel testified that petitioner had told trial counsel that petitioner was not the shooter and that Fernandez had been involved in the crime. Doc. 159 at 12. And trial counsel was also aware that petitioner and Fernandez had been together extensively that evening. *Id.* Furthermore, trial counsel "could not rule out" that petitioner identified Fernandez as the shooter, his trial file included information permitting an inference that Fernandez was the shooter, and petitioner's mother had expressed her belief to him that Fernandez was the shooter. *Id.* Trial counsel conceded that he did not investigate whether Fernandez was the shooter, he did not investigate who Fernandez's friends were, and he did not even obtain a picture of Fernandez. *Id.* at 9. On the other hand, three friends and relatives of Fernandez testified at the evidentiary hearing that Fernandez had boasted on multiple occasions, within a few weeks of the shooting, that he had been involved in a robbery where he was chased by police and he shot at a police officer. *See id.* at 9–10, 19. Given trial counsel's acknowledgement that he did not investigate Fernandez at all, respondent's argument that even if counsel had investigated, he might not have found Astorga, Serrano, and Barajas—three friends and relatives of Fernandez—is speculative and unpersuasive.

Second, respondent's argument that, even if trial counsel had identified these three witnesses, who were close to Fernandez and were willing to testify that Fernandez had boasted

about shooting at a police officer, counsel would have foregone calling them to the stand and raising the identity of the shooter as a defense at trial is unpersuasive. *See* Doc. 160 at 9. Respondent cites to *Mickey v. Ayers*, 606 F.3d 1223, 1236–37 (9th Cir. 2010), noting that "with respect to defective investigations, the test for prejudice is whether the noninvestigated evidence was powerful enough to establish a probability that a reasonable attorney would decide to present it and a probability that such presentation might undermine the jury verdict." Doc. 160 at 9. The evidence was that there was only one shooter. The magistrate judge correctly found that trial counsel's deficient performance was prejudicial in this case, "where the identification of the shooter given by the single eyewitness – albeit, a police officer – was subject to reasonable challenge." Doc. 159 at 21. Here, the officer's identification was potentially vulnerable because the shooting occurred at night, lasted only a couple of seconds, and the officer was "afraid, upset, and shaking" because he was the target of the shooting. *Id.* Furthermore, shortly prior to identifying petitioner in a photo lineup, the officer watched petitioner enter the stationhouse while handcuffed from approximately twenty to twenty-five yards away. *Id.* As the magistrate judge noted, the officer "conceded that it was not until after he first saw Petitioner handcuffed that he identified Petitioner from a photo lineup." *Id.* Thus, given the vulnerabilities of the officer's identification, respondent's argument that reasonable counsel would not have called the three witnesses to the stand to challenge the identity of the shooter is unpersuasive.

Third, respondent claims that, even if these witnesses had testified at trial that Fernandez admitted to having shot at the police officer, Velasquez's outcome would not have been better because the officer identified Velasquez as the shooter and the "fact that [the officer] had seen Velasquez in the parking lot before the photo lineup, the lighting at the shooting scene, and the brevity of the shooting did not stop the jury from crediting the officer's identification." Doc. 160 at 13, 15. In evaluating prejudice, the Ninth Circuit has "stated that 'ineffective assistance claims based on a duty to investigate must be considered in light of the strength of the government's case.'" *Rios v. Rocha*, 299 F.3d 796, 808–09 (9th Cir. 2002) (quoting *Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir. 1986)). The officer's identification was vulnerable because the shooting occurred at night and lasted only a few seconds, the officer had only a brief opportunity

to observe the shooter while turning his patrol car and making a U-turn to accelerate away, and the officer later saw petitioner being led in handcuffs into the police station shortly before the officer identified him in the photo lineup. Doc. 159 at 4, 21. Had counsel presented the testimony of Fernandez's three friends and relatives that Fernandez had boasted about shooting a police officer, alongside the issues with the officer's identification, there is a reasonable probability that it would have created a reasonable doubt as to the officer's identification. Thus, petitioner has shown "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Finally, respondent argues that, even if the jury was likely to find that Fernandez was the shooter, petitioner has not proven a reasonable probability that the jury would not have convicted him as an aider and abettor. Doc. 160 at 16. An "aider and abettor must know and share the murderous intent of the actual perpetrator." *People v. McCoy*, 25 Cal. 4th 1111, 1118 (2001). Respondent argues that a jury would nonetheless have found that Velasquez knew and shared Fernandez's intent to kill because Velasquez was driving the getaway car, "Velasquez abruptly stopped the car," and for a few seconds he "kept the car stopped while the shooter fired those five or six shots." Doc. 160 at 13, 17. But as the magistrate judge found, "there is no record evidence to support Respondent's contention that Petitioner (as the getaway car driver) stopped the car 'so the shooter could fire' at the pursuing officer." Doc. 159 at 14. Respondent does not point to any evidence in the record undermining this factual finding.[2] It cannot be concluded that, even if the jury determined that Fernandez was the shooter, it would still have found that petitioner aided and abetted in attempted murder by knowing and sharing Fernandez's intent. There is at least a reasonable probability that, in such circumstances, the jury would have found that petitioner did not share Fernandez's intent to kill.

---

[2] The trial evidence showed that when the getaway car came to a stop, one of the passenger doors started to open, but the shooter then stood up through the sunroof and shot at the patrol car before the getaway car accelerated away. *See* Doc. 159 at 3–4. Respondent's argument appears to assume that the jury would find Velasquez became aware of and joined in the shooter's intent to kill in those few seconds.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the file, including respondent's objections and petitioner's reply, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly, the Court ORDERS that:

1. The findings and recommendations issued on August 18, 2026, Doc. 159, are ADOPTED;
2. The petition for writ for habeas corpus, Doc. 2, is GRANTED as to Ground IX, *id.* at 9–10;
3. Respondent SHALL RELEASE petitioner within ten (10) days after the entry of judgment in the present case, subject to appropriate release conditions, unless the State elects to retry petitioner, *see Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013) ("a court may issue a conditional writ that requires the state to release a petitioner unless it takes some other remedial action, such as retrial of the petitioner");
4. Respondent SHALL REPORT to this Court, within ten (10) days after the entry of judgment in this case, addressing whether petitioner was released or will be retried; and
5. The Clerk of the Court is directed to enter judgment, terminate any pending matters, and close this case.

IT IS SO ORDERED.

Dated: October 27, 2026

UNITED STATES DISTRICT JUDGE